UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKIE LEE WEATHERSPOON,

    *Petitioner*,

v.                                    Case No. 2:04-cv-170
                                          HON. R. ALLAN EDGAR

BARBARA BOUCHARD,

    *Respondent*.

_____/

**MEMORANDUM AND ORDER**

        This is an action brought by petitioner Frankie Lee Weatherspoon, a state prisoner in the custody of the Michigan Department of Corrections, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On or about November 25, 1980, petitioner was found guilty after a trial in the Circuit Court of Kalamazoo County, Michigan, on a charge of first degree murder. In January 1981, he was sentenced to life imprisonment without the possibility of parole.

        On July 25, 2006, petitioner made a motion [Doc. No. 27] to hold his § 2254 habeas petition in abeyance, i.e. stay these habeas proceedings, so that he can return to the Michigan state courts to pursue a new motion for post-conviction relief pursuant to MCR 6.500 and exhaust his available state court remedies as required by 28 U.S.C. § 2254(b)(1). Petitioner alleges he recently received a three-page letter dated May 16, 2006, from his nephew, Orlando Weatherspoon ("Orlando"), which he claims constitutes newly discovered evidence that supports his efforts to obtain post-conviction relief. Petitioner appends a copy of the letter in question to his motion. Although the first page of the letter shows a date of May 16, 2006, the letter is not signed by Orlando, and petitioner does not

1

submit the envelope in which the letter was allegedly mailed to him which might help corroborate that the letter was in fact written and mailed by Orlando. Petitioner has not bothered to submit a sworn affidavit from Orlando authenticating the letter and confirming under penalty of perjury, 28 U.S.C. § 1746, that he is the letter's author.

Petitioner says that Orlando testified at the criminal trial in 1980, and Orlando claimed to be an eyewitness to the murder. According to petitioner, the letter allegedly written by Orlando dated May 16, 2006, is an admission by Orlando that he gave false testimony at trial when he identified petitioner as the person who committed the murder. Petitioner contends the letter indicates that Orlando's mother, petitioner's sister, committed the murder. In short, petitioner endeavors to show that Orlando is now recanting his testimony, more than 25 years after the trial.

On August 18, 2006, Magistrate Judge Timothy P. Greeley filed a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.1. [Doc. No. 31]. The Magistrate Judge recommends that the motion to hold habeas petition in abeyance be denied. In the report and recommendation, the Magistrate Judge states that "Petitioner has failed to support his claim of newly discovered evidence by offering a copy of the letter, or even specifying the date the letter was authored or that petitioner received it." The Magistrate Judge concludes that petitioner has not sufficiently supported his claim of newly discovered evidence.

The above quoted statement by the Magistrate Judge that petitioner has not offered a copy of the letter with his motion and has not specified the date when the letter was written is incorrect. The record shows that petitioner did append the letter to his motion and the letter is dated as having been written on May 16, 2006. [Doc. No. 27]. For this reason, petitioner objects [Doc. No. 32] to the report and recommendation pointing out that he did append a copy of the letter to his motion.

After reviewing the record *de novo*, the Court reaches the same result recommended by the Magistrate Judge but for other reasons. The Court will deny the petitioner's motion to hold his instant 28 U.S.C. § 2254 habeas petition in abeyance [Doc. No. 27] for the following reasons.

First, petitioner has not made a sufficient showing that the letter dated May 16, 2006, was in fact written by Orlando Weatherspoon. The Court has a healthy skepticism concerning the authenticity of the letter. The letter is not signed by Orlando and there is insufficient proof in the record to demonstrate that Orlando actually wrote and mailed the letter to petitioner. As noted *supra,* petitioner has not submitted a supporting sworn affidavit from Orlando.

Second, even if we assume *arguendo* that Orlando wrote the letter, it is not a sufficient basis to warrant this Court holding the habeas petition in abeyance indefinitely while petitioner returns to the Michigan state courts to seek post-conviction relief under Michigan law. Petitioner has not made a preliminary showing that what Orlando allegedly says in the letter is true, and amounts to anything more than mere "puffery" or an attempt by Orlando to ingratiate himself with his uncle. Petitioner also has not made a preliminary showing that Orlando is a credible person who is worthy of belief at this juncture.

Third, even if we assume *arguendo* that Orlando gave false testimony at trial, standing alone, that is not sufficient to justify granting habeas relief to petitioner under 28 U.S.C. § 2254. Petitioner does not allege, and the purported letter from Orlando does not state, that the Michigan prosecutors at the trial deliberately used material testimony from Orlando that the prosecutors either knew or reasonably should have known was false and perjury.

A state judgment of conviction based on false testimony is reviewed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. A criminal defendant has

right to a fair trial that comports with due process under the Fourteenth Amendment. A defendant's due process right to a fair trial may be violated where the prosecution knowingly and deliberately introduces or uses false evidence and perjured testimony at trial, and there is a reasonable likelihood that the perjured testimony could have affected the jury's verdict. *United States v. Bagley*, 473 U.S. 667, 678 (1985); *United States v. Agurs*, 427, U.S. 97, 103 (1976); *Napue v. Illinois*, 360 U.S. 264, 269(1959); *Carter v. Mitchell*, 443 F.3d 517, 535 (6th Cir. 2006); *King v. Trippett*, 192 F.3d 517, 522-23 (6th Cir. 1999); *Ford v. United States*, 36 F.3d 1097 (Table, text in 1994 WL 521119, * 3 (6th Cir. Sept. 23, 1994)); *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989); *Burks v. Egeler*, 512 F.2d 221, 224-29 (6th Cir. 1975).

To establish a violation or denial of constitutional due process sufficient to state a claim for habeas relief under 28 U.S.C. § 2254, petitioner Weatherspoon is required to plead and show that: (1) Orlando's testimony at trial was false; (2) the false testimony was material to the issue of guilt or innocence; and (3) the Michigan state prosecutors at the time of trial knew that Orlando's testimony was false. *King*, 192 F.3d at 523; *United States v. Labbous*, 82 F.3d 419 (Table, text in 1996 WL 166691, * 2 (6th Cir. April 8, 1996)); *Ford*, 1994 WL 521119, at * 3; *United States v. Gary*, 7 F.3d 235 (Table, text in 1993 WL 360704, * 5 (6th Cir. Sept. 14, 1993)); *Lochmondy*, 890 F.2d at 822; *Akbar v. Jago*, 762 F.2d 1005 (Table, text in 1985 WL 13195 (6th Cir. April 10, 1985)); *Burks*, 512 F.2d at 224-29.

The problem here is that petitioner's bare, unsupported allegation that Orlando may have committed perjury at trial is entirely devoid of any allegation or proffer of proof showing that the Michigan prosecutors knowingly and deliberately caused, used, or were in any way involved in the alleged perjury. This simply fails to state a sufficient claim for habeas corpus relief under 28 U.S.C.

4

§ 2254 because it does not allege a due process error of constitutional dimension under the Fourteenth Amendment. The credibility of witnesses is ordinarily an issue for the jury to decide at trial. To make out a viable habeas claim of constitutional due process dimension cognizable under 28 U.S.C. § 2254, petitioner Weatherspoon is required, at the very least, to specifically allege and be able to come forward with some credible proof showing that the prosecution at his trial was actively involved in knowingly and deliberately causing, presenting, or using perjured testimony. This petitioner fails to do.

The element of government involvement in the perjury is essential to state a cognizable habeas claim. Otherwise every criminal conviction, other than a guilty plea, would be subject to endless and repetitious retrials, appeals and motions for collateral post-conviction relief based on mere allegations of witness perjury long after the trial and long after the passage of time has dimmed or erased the memories of witnesses. Few persons convicted of a crime do not contend that something untrue was said by a witness at their trial. *Burks*, 512 F.2d at 229; *Hoffa v. United States*, 339 F. Supp. 388, 39-93 (E.D. Tenn. 1972), *aff'd*, 471 F.2d 391 (6th Cir. 1973).

Under these circumstances, the Court finds that petitioner Weatherspoon has not demonstrated that there is a valid reason to stay and hold this habeas proceeding in abeyance pending petitioner possible return to the Michigan state courts for another round of motions for collateral post-conviction relief based on the alleged letter of Orlando. Accordingly, the petitioner's motion to hold his habeas petition in abeyance [Doc. No. 27] is **DENIED**.

SO ORDERED.

Dated: September 5, 2006                     */s/ R. Allan Edgar*
                                             R. ALLAN EDGAR
                                             UNITED STATES DISTRICT JUDGE